UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

SIMEON GAYLE,

                Petitioner,

           -against-

KENNETH PERLMAN, Superintendent,
Mid-State Correctional Facility,

                Respondent.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
07 CV 3105 (RJD)

DEARIE, Chief Judge.

By petition filed July 16, 2007, *pro se* petitioner Simeon Gayle, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 Queens County conviction.[1] The Court grants petitioner's request to proceed *in forma pauperis*. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"). Therefore, petitioner is directed to submit an affirmation, within sixty (60) days of the entry of this Order, why the petition should not be dismissed as time-barred.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides in relevant part that:

---

[1] The petition was transferred to this Court from the United States District Court for the Northern District of New York by Order dated July 19, 2007. The Court notes that the petition is undated.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see Lindh v. Murphy, 521 U.S.320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act.").

Background

Petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254 appears to be time-barred under the Act. Petitioner alleges that he pled guilty on April 10, 2004. See Petition at 1, ¶ 2. Petitioner did not appeal his plea. Since petitioner did not appeal his conviction, his judgment of conviction became final on May 10, 2004, thirty days after he was

2

sentenced, when the time for filing a notice of appeal to the Appellate Division expired. See N.Y. Crim. Proc. Law § 460.10(1)(a); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2000) (judgment of conviction becomes final when the thirty days in which to seek direct review of the conviction expires). Therefore, petitioner had until May 10, 2005 to file a timely habeas corpus petition. The instant petition filed on July 16, 2007, was filed more than two years after the expiration of the one-year statute of limitation period.

Statutory Tolling

In calculating a one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not cause the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam). Petitioner states that he filed a state habeas corpus motion in Queens County Supreme Court, which was denied on August 6, 2004, and a second state habeas corpus motion in Oneida County Court, which was denied on October 25, 2006. See Petition at 3, ¶ 11(a). Petitioner does not state when he filed either state habeas corpus motion. Petitioner further states that he filed a motion pursuant to N.Y. Criminal Procedure Law 440.10 ("440") in Queens County Supreme Court. Petitioner does not state the date he filed his 440 motion, or when this motion was decided. See Petition at 4, ¶ 11(b). Therefore, the Court is unable to determine if petitioner's post-conviction motions can serve to toll the limitations period under § 2244(d)(2) to render his instant petition timely.

Equitable Tolling

The limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000), and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers may be sufficient to establish potential basis for equitable tolling); but see Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (even with extraordinary circumstances early in the statutory period, petitioner must show he diligently pursued the application in the time remaining). On the present record, there is no basis for equitable tolling.

## CONCLUSION

Petitioner is therefore directed to show cause by written affirmation, within sixty (60) days from the entry of this Order, why the instant petition should not be dismissed as time-barred.[2] Day v. McDonough, 126 S.Ct. 1675, 1684 (2006) (citing Acosta v. Artuz, 221 F.3d 117, 124-125 (2d Cir. 2000) (before acting on its own initiative to dismiss petition as untimely, court must accord the parties fair notice and an opportunity to present their positions). Petitioner's affirmation should include the dates he filed his post-conviction motions and any other facts which would support tolling of the statute of limitations.

No response to the petition shall be required at this time and all further proceedings shall be stayed for sixty (60) days for petitioner to comply with this Order.

---

[2] An affirmation form is attached to this Order for petitioner's convenience.

4

If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred. 28 U.S.C. § 2244(d).

SO ORDERED.

                                              s/ Judge Raymond J. Dearie

                                              Raymond J. Dearie
                                              United States District Judge

Dated: Brooklyn, New York
       August 6, 2007